CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 21 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SAMUEL OVERSTREET,      CASE NO. 7:04CR00009
                          CASE NO. 7:07CV80003

      Petitioner,

                                  2255 MEMORANDUM OPINION

v.

UNITED STATES OF AMERICA,     By: Hon. James C. Turk
      Respondent.                       Senior United States District Judge

      Petitioner Samuel Overstreet, a federal inmate proceeding pro se, has submitted to the court a motion that he styled as a "Challenge to 'Obstruction of Justice' Enhancement, Pursuant to Rule 60(b)." Because this motion challenges the validity of Overstreet's sentence of imprisonment, the court construed and filed it as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.[1] Upon review of the record, the court concludes that the action must be dismissed as successive.

      This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255 para. 8. Court records indicate that petitioner has previously filed a § 2255 motion, Civil Action No. 7:06CV00609, regarding the same conviction

---

[1] The court notes that Overstreet also has no grounds for relief from his criminal sentence under Fed. R. Civ. P. 60(b). While Rule 60(b) authorizes civil litigants to move for relief from judgment entered against them in civil cases, the court finds no respect in which this civil rule could apply to authorize an action by a criminal defendant to invalidate a criminal conviction. See, e.g., Fed. R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature") (emphasis added); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (finding that the Federal Rules of Civil Procedure do not provide vehicle by which defendant may challenge his criminal judgment).

and/or sentence. Thus, petitioner's current § 2255 motion is a second or subsequent one under § 2255 para. 8. As petitioner has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive §2255 motion, the court must dismiss the action without prejudice. An appropriate order will issue this day.

Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

The Clerk is directed to send copies of this opinion and the accompanying order to petitioner.

ENTER: This 21st day of November, 2007.

*/s/ James C. Turk*
Senior United States District Judge